**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NABEELA BUKHARI | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  20-1529 |
| | : | |
| PNC BANK, N.A. | : | |

## MEMORANDUM

KEARNEY, J.                                                                          August 17, 2020

After disputing a mortgage foreclosure against her in state court and then separately suing her mortgage lender, a mortgage borrower now concedes she cannot prove her federal claim under the Real Estate Settlement Procedures Act against her mortgage lender.  She conceded her lack of proof only after discovery and review of the lender's summary judgment motion.  But she asks we deny summary judgment on her state law claims based on disputed issues of material fact.  Lacking a federal question, we decline to exercise supplemental jurisdiction over her contested state law claims.   We grant the lender's motion for summary judgment dismissing the federal claim with prejudice but remand the remaining state law claims to be pursued in the state court.

## I.      Undisputed material facts adduced in discovery.[1]

On November 6, 2003, Nabeela Bukhari purchased real property in King of Prussia financed by: (1) a loan from ABN AMBRO Mortgage Group, Inc. for $386,700.00, and (2) a second-lien loan from National City Bank for $64,000.[2]

As part of her second-lien loan from National City Bank, Ms. Bukhari signed three loan documents: a promissory note, a note disclosure statement, and a mortgage.  In the promissory note, Ms. Bukhari agreed to the principal balance of the loan—$64,000—plus interest at an annual rate of 6.89%.[3]   In the note disclosure statement, Ms. Bukhari agreed to a specific payment

schedule.[4]  She agreed to repay National City Bank in 179 payments of $420.44 beginning in December 2003 and concluding with a final balloon payment of $47,560.27 due on the loan's maturity of November 5, 2018.[5]  To make all payments as scheduled under the loan, Ms. Bukhari agreed to pay $122,819.03.[6]

National City Bank assigned Ms. Bukhari's loan documents to PNC Bank, effective November 6, 2009, after National City Bank merged into PNC Bank.[7]  PNC Bank is now the holder of Ms. Bukhari's loan documents.[8]

### *The parties attempt to modify the second-lien loan.*

As Ms. Bukhari's loan neared its November 5, 2018 maturity date, PNC Bank sent Ms. Bukhari a May 7, 2018 letter advising her of the loan's balance: "As of today, the unpaid principal balance is $47,970.28."[9]  PNC Bank sent the same letter to Ms. Bukhari again on August 30, 2018.[10]  In both letters, PNC Bank "invite[d]" Ms. Bukhari "to apply to refinance [her] remaining balance."[11]  It provided a phone number for Ms. Bukhari to speak with its "knowledgeable maturity specialists . . . to guide [her] through the refinance process and answer any questions[.]"[12]  But Ms. Bukhari failed to respond to these letters.[13]  By the November 5 maturity date, Ms. Bukhari failed to repay the loan.[14]

Four months after the loan maturity date, Ms. Bukhari submitted a loss mitigation application to be considered for a loan modification.[15]  Thirty-four days later, PNC Bank sent a letter to Ms. Bukhari advising her it would be "unable to proceed further with [her] request for assistance" because Ms. Bukhari's failed to provide the requested documents.[16]  A month after PNC Bank's notice as to the insufficient application, Ms. Bukhari submitted a second loss mitigation application.[17]

Before answering Ms. Bukhari's second loss mitigation application, PNC Bank sent Ms. Bukhari a letter advising it would be accelerating her loan.[18]  PNC Bank advised: "Please take notice that we are hereby exercising our right under the Mortgage to accelerate your loan because you have not made the required payments within the time required by the promissory note secured by the Mortgage. This means that the entire unpaid loan balance plus applicable fees and charges is now due. Your loan has been referred to our attorney who has been instructed to proceed with foreclosure."[19]  PNC Bank directed Ms. Bukhari to direct all future communications to a lawyer in Columbus, Ohio.[20]   Yet, PNC Bank advised Ms. Bukhari: "[e]ven though we have accelerated the loan and the loan is now due in full, you may still have a right to pay a lesser amount to 'reinstate' your loan."[21]

Ten days after advising Ms. Bukhari of its decision to accelerate the loan, PNC Bank again advised Ms. Bukhari it could not proceed on her second loss mitigation application because she failed to submit all requested documents.[22]

Two months later, Ms. Bukhari submitted a third loss mitigation application.[23]  PNC Bank then sent Ms. Bukhari advising her to submit additional required documents by August 17, 2019 to support her third loss mitigation application.[24]  On August 21, 2019, Ms. Bukhari submitted additional documents.[25]

A day later, PNC Bank filed a foreclosure complaint against Ms. Bukhari in the Court of Common Pleas for Montgomery County.[26]  This action remains pending.[27]

After PNC Bank advised Ms. Bukhari of the insufficiency of her third loss mitigation application, Ms. Bukhari then submitted a fourth loss mitigation application.[28]  Two weeks after sending this fourth application, PNC Bank sent Ms. Bukhari a "Notice of Complete Application."[29] In this Notice, PNC Bank confirmed Ms. Bukhari submitted a complete loss mitigation

application.[30]  PNC Bank further advised Ms. Bukhari it expected to complete its evaluation of Ms. Bukhari's request within thirty days, its determination of eligibility would be "subject to lender and investor guidelines," and it would not conduct a foreclosure sale during its review.[31]

After reviewing Ms. Bukhari's completed application, PNC Bank advised Ms. Bukhari in early October it would be denying her request because she presented insufficient cash flow.[32]  Ms. Bukhari appealed PNC Bank's decision.[33]  Ms. Bukhari submitted supplemental income not previously provided.[34]  Because of this proof of supplemental income, PNC Bank offered Ms. Bukhari a ninety day "Trial Period Plan" requiring Ms. Bukhari make $800 payments in December 2019, January 2020, and February 2020.[35]  In its offer, PNC Bank stated: "If you have made all trial payments on time, have submitted the required documents, and continue to qualify, and we have signed the modification agreement, your loan will be permanently modified."[36]  Ms. Bukhari accepted the offer[37] and made each payment as scheduled.[38]

On February 10, 2020, PNC Bank sent Ms. Bukhari a "Home Equity Loan Modification Agreement."[39]  PNC Bank states Ms. Bukhari needed to sign and return the offer to PNC Bank by February 24.[40]  The loan modification agreement provided for a seventy-two month term beginning in March 2020 at an interest rate of 3.59%, which would require Ms. Bukhari to make monthly payments of $731.99.[41]  The agreement also specified it would "represent[] the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties."[42] Ms. Bukhari did not sign the agreement.[43]

### Ms. Bukhari sues PNC Bank in state court raising RESPA leading to removal.

On February 20, 2020, Ms. Bukhari sued PNC Bank in the same court where PNC Bank filed the mortgage foreclosure action—the Court of Common Pleas for Montgomery County—claiming the bank wrongfully filed a foreclosure complaint against her.[44]  She alleged she paid the

loan in full and had submitted an approved loan modification application when PNC Bank filed the foreclosure complaint.[45]  She claimed PNC Bank breached their contract and violated the Real Estate Settlement Procedures Act (RESPA) and Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[46]

PNC Bank timely removed Ms. Bukhari's case to our District.[47]  In its Notice of Removal, PNC Bank stated Ms. Bukhari's "Complaint alleges a cause of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601, *et seq*. The Complaint also asserts certain state-law causes of action."[48] Because of the RESPA claim, PNC Bank stated "[t]his Court has original jurisdiction under 28 U.S.C. § 1331, as [Ms. Bukhari] alleges violations of a claim or right arising under the laws of the United States."[49]  PNC Bank did not assert diversity of citizenship under 28 U.S.C. § 1332.[50]

## II.    Analysis

PNC Bank moves for summary judgment under Federal Rule of Civil Procedure 56 arguing there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law on each of Ms. Bukhari's claims.  In response, Ms. Bukhari withdraws her RESPA claim but argues there are disputed facts preventing us from entering judgment on her Pennsylvania state law claims for breach of contract and Unfair Trade Practices and Consumer Protection Law violations.  We dismiss Ms. Bukhari's withdrawn RESPA claim with prejudice.  Without the RESPA claim, Ms. Bukhari no longer presents us with a claim arising under federal law.  Even when our subject matter jurisdiction is based on a claim arising under federal law, Congress allows us to retain jurisdiction over state law claims after resolving all federal claims when doing so would be appropriate.  We conclude exercising supplemental jurisdiction over Ms. Bukhari's remaining state

law claims is not appropriate.  We remand the remaining state court claims to the Court of Common Pleas for Montgomery County.

>    **A.     Ms. Bukhari now withdraws her RESPA claim.**

Ms. Bukhari originally claimed PNC Bank's handling of her loan violated RESPA.  PNC Bank moves for summary judgment arguing Ms. Bukhari's RESPA claim fails because she fails to adduce evidence of a violation and, even if she could show liability, fails to adduce evidence of actual damages.  Ms. Bukhari responds by stating she "has withdrawn her RESPA claims."[51]  She reasons because "PNC [Bank's] Note and Open-End Mortgage were procured by fraud in the factum, [Ms. Bukhari] has disavowed and has already tendered back the $58,613.55 consideration."[52]  Because of this, Ms. Bukhari states her RESPA claim is "moot."[53]

As Ms. Bukhari declines to adduce evidence supporting her RESPA claim and instead argues the claim is "withdrawn" and "moot," we enter judgment in PNC Bank's favor as to this claim.  We dismiss Ms. Bukhari's RESPA claim with prejudice.

>    **B.     We decline to exercise supplemental jurisdiction over Ms. Bukhari's remaining Pennsylvania state law claims.**

Finding Ms. Bukhari concedes her sole claim arising under federal law, we must then consider whether to exercise our limited subject matter jurisdiction over Ms. Bukhari's remaining state law claims. Congress provides for our supplemental jurisdiction over state law claims in section 1367.[54]  "In enacting section 1367, Congress intended to enhance a district court's ability to gain jurisdiction over pendent claims and parties while providing those courts with the discretion to decline to exercise supplemental jurisdiction in several express circumstances."[55]

Congress provided for our discretion to decline jurisdiction when only state law claims remain in a case by stating: "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (3) the district court has dismissed all claims

over which it has original jurisdiction[.]"[56]  Having now dismissed the RESPA claim, the only claim over which we had original jurisdiction, Congress allows us to decline to exercise supplemental jurisdiction over Ms. Bukhari's remaining state law claims for breach of contract and Unfair Trade Practices and Consumer Protection Law violations.

Our Court of Appeals has defined our discretion in this situation: "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."[57]  The considerations identified by our Court of Appeals—judicial economy, convenience, and fairness to parties—do not provide an affirmative justification for us to exercise supplemental jurisdiction over Ms. Bukhari's state law claims.  These considerations favor resolving the remaining issues in state court where PNC Bank and Ms. Bukhari are already engaged in related litigation about this mortgage and foreclosure. There is no affirmative basis based on the considerations identified by our Court of Appeals to adjudicate Ms. Bukhari's state law claims in federal court.

In reaching this conclusion, we note "[a] federal court should avoid needless adjudications of state law, both as a matter of comity and to promote justice between the parties."[58]  We are mindful to exercise jurisdiction here, we would necessarily be deciding a now exclusively state law dispute between two Pennsylvania citizens regarding a loan for purchase of a Pennsylvania property. The principle of comity strongly cautions us to allow a Pennsylvania court to decide these issues.

As there is no affirmative basis to continue to exercise our subject matter jurisdiction over Ms. Bukhari's remaining state law claims, we then consider whether to dismiss the remaining claims or remand the case back to state court.  Our Court of Appeals instructs: "we believe that in

a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice."[59]  PNC Bank removed Ms. Bukhari's case to this District from the Court of Common Pleas for Montgomery County.  We elect the "viable alternative" and remand to the Court of Common Pleas for Montgomery County for further proceedings including any potential amendment to the complaint to add more state claims.[60]

## III.    Conclusion

We grant PNC Bank's Motion for summary judgment. We dismiss Ms. Bukhari's RESPA claim with prejudice.  We decline to exercise supplemental jurisdiction over Ms. Bukhari's remaining state law claims.  Declining to exercise our subject matter jurisdiction, we remand the case to the Court of Common Pleas for Montgomery County.

---

[1] Our Policies require a Statement of Undisputed Material Facts ("SUMF") and an appendix in support of summary judgment. Defendant's Amended SUMF ("PNC SUMF") is docketed at ECF Doc. No. 21. Defendant's appendix is docketed at ECF Doc. No. 20. References to the appendix are by Bates number, for example, "Appendix 1a."  Ms. Bukhari's response to the Defendant's SUMF ("Bukhari SUMF Resp.") is docketed at ECF Doc. No. 22.

[2] ECF Doc. No. 21 (PNC SUMF) at ¶ 1; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 1; *see also* Appendix 3a at ¶ 5.

[3] ECF Doc. No. 21 (PNC SUMF) at ¶ 3; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 3.

[4] Appendix 13a.

[5] *Id.*

[6] *Id.*

[7] ECF Doc. No. 21 (PNC SUMF) at ¶ 6; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 6.

[8] ECF Doc. No. 21 (PNC SUMF) at ¶ 6; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 6.

[9] ECF Doc. No. 21 (PNC SUMF) at ¶ 7; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 7; *see also* Appendix 24a.

[10] ECF Doc. No. 21 (PNC SUMF) at ¶ 7; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 7; *see also* Appendix 25a.

[11] Appendix 24a-25a.

[12] *Id.*

[13] ECF Doc. No. 21 (PNC SUMF) at ¶ 8; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 8.

[14] ECF Doc. No. 21 (PNC SUMF) at ¶ 8; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 8.

[15] ECF Doc. No. 21 (PNC SUMF) at ¶ 9; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 9.

[16] ECF Doc. No. 21 (PNC SUMF) at ¶ 10; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 10.

[17] Appendix 31a.

[18] *Id.* at 35a.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] ECF Doc. No. 21 (PNC SUMF) at ¶ 11; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 11.

[23] Appendix 41a.

[24] ECF Doc. No. 21 (PNC SUMF) at ¶ 15; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 15.

[25] ECF Doc. No. 21 (PNC SUMF) at ¶ 16; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 16.

[26] ECF Doc. No. 21 (PNC SUMF) at ¶ 17; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 17.

[27] *PNC Bank, N.A. v. Bukhari*, No. 19-20820 (Mont. Co. Ct. Com. Pl.).

[28] ECF Doc. No. 21 (PNC SUMF) at ¶ 20; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 20.

[29] Appendix 51a.

[30] ECF Doc. No. 21 (PNC SUMF) at ¶ 21; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 21.

[31] Appendix 51a.

[32] ECF Doc. No. 21 (PNC SUMF) at ¶¶ 20-21; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶¶ 20-21.

[33] Appendix 54a.

[34] ECF Doc. No. 21 (PNC SUMF) at ¶ 23; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 23.

[35] ECF Doc. No. 21 (PNC SUMF) at ¶ 24; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 24.

[36] Appendix 55a.

[37] *Id.* at 61a.

[38] ECF Doc. No. 21 (PNC SUMF) at ¶ 24; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 24.

[39] ECF Doc. No. 21 (PNC SUMF) at ¶ 25; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 25.

[40] ECF Doc. No. 21 (PNC SUMF) at ¶ 25; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 25.

[41] Appendix 65a.

[42] *Id.*

[43] ECF Doc. No. 21 (PNC SUMF) at ¶ 26; ECF Doc. No. 22 (Bukhari SUMF Resp.) at ¶ 26.

[44] ECF Doc. No. 1 at 10-23.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 1-3.

[48] *Id.* at 1.

[49] *Id.* at 2.

[50] Our independent review shows there are no grounds for diversity jurisdiction between Ms. Bukhari, a Pennsylvania resident, and PNC Bank, N.A.

[51] ECF Doc. No. 24-1 at 11.

[52] *Id.*

[53] *Id.*

[54] 28 U.S.C. § 1367.

[55] *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 308 (3d Cir. 2003).

[56] 28 U.S.C. § 1367.

[57] *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added).

[58] *Plumlee, v. Thomas*, No. 16-902, 2020 WL 4584387, at *6 (D. Del. Aug. 10, 2020). If Ms. Bukhari wished to proceed with her RESPA claim and addressed facts to resolve this claim, the judicial economy, convenience, and fairness interests in also addressing her state law claims for breach of contract and Unfair Trade Practices and Consumer Protection Law violations would be stronger. As she withdraws her federal claim, we find no good cause to retain jurisdiction. She may have returned to state court much earlier had she withdrawn her federal claims earlier.

[59] *Borough of W. Mifflin,* 45 F.3d at 788; *see also Alston v. Verizon Delaware LLC*, 746 F. App'x 154, 155 (3d Cir. 2019) ("Secondly, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over any state-law claim and remanding the matter to the state court.").

[60] Ms. Bukhari filed an amended complaint with additional state law claims without consent or our approval immediately before she responded to the summary judgment motion. We today strike this amended complaint as untimely in a separate Order without prejudice to possibly seek to amend in the state court.